UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RICHARD DUCHARME,

    Petitioner,

v.                                                                Case No. 6:06-cv-830-Orl-19DAB

STATE OF FLORIDA, et al.,

    Respondents.

**ORDER**

This case is before the Court on the following matters:

1. Petitioner filed a typed application for habeas corpus relief pursuant to 28 U.S.C. § 2254 (Doc. No. 1, filed June 15, 2006). Rule 2(c) of The Rules Governing Section 2254 Cases in United States Courts requires that the form of the habeas corpus petition be substantially in the form approved by the Judicial Conference of the United States. Although the instrument filed by Petitioner is neatly typed and otherwise legible, the Court finds that the standard pre-printed form is more useful in helping the Court to evaluate habeas claims.

Accordingly, **the Clerk of the Court** is directed to attach a habeas corpus form to this Order, and Petitioner is ordered to refile his habeas corpus petition on the attached habeas corpus form not later than **TWENTY (20) DAYS** from the date of this Order. Petitioner shall also provide the Clerk with one (1) additional copy of the revised petition for each named Respondent. This case will be dismissed without further notice if

<u>Petitioner fails to file the amended petition within this time period.</u>

2. Local Rule 4.07(a) provides that if a petitioner has some financial ability to pay, that the Court may issue an order that "the party seeking leave to proceed *in forma pauperis* shall pay a stated portion of the Clerk's and/or Marshal's fees within a prescribed time, failing which the action may be dismissed without prejudice."

Accordingly, **the Clerk of the Court** is directed to attach a copy of the **Affidavit of Indigency** to this Order, and Petitioner is hereby ordered to complete and return the enclosed **Affidavit of Indigency** to enable the Court to make a determination as to whether Petitioner is subject to the payment of a filing fee. Additionally, Petitioner must comply with Section VII of the Affidavit of Indigency, which requires a computer printout prepared by the institution, a notarized statement by the prisoner, or a financial statement by an authorized officer of the institution containing all transactions in his prisoner account for the three (3) months preceding the filing of the petition. If there have not been any transactions in the prison account during this period, an authorized officer or Petitioner in a notarized statement must state the following: "There have not been any deposits from _____ to _____." (Fill in blanks). Further, if Petitioner did not have a prison account for this period of time, an authorized officer or Petitioner in a notarized statement must inform the Court. Petitioner must submit <u>both</u> a fully completed Affidavit of Indigency <u>and</u> a computer printout or notarized statement that contains all the transactions in his prisoner account for the period from March 15, 2006, through June 15, 2006 (the three months preceding the filing of his petition). <u>Failure to do so within **TWENTY (20) DAYS** from the date of this order will result in the dismissal of this action without further notice.</u>

**DONE AND ORDERED** at Orlando, Florida, this 20th day of June, 2006.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies to:
sc 6/20
Richard Ducharme